UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUTHER WOODS,

      Petitioner,

v.                                                CASE NO. 6:03-cv-1730-Orl-19KRS
                                                       (6:94-cr-166-Orl-19KRS)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

Petitioner initiated this action by filing a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). The Court entered an Order on December 22, 2003 (Doc. No. 2) dismissing the case without prejudice on the basis that it was a second or successive application for relief. Petitioner appealed, and the Eleventh Circuit Court of Appeals entered a written, unpublished opinion vacating the order of dismissal and remanding the case for further proceedings. *See* Doc. No. 10, filed November 16, 2004.

Petitioner then filed an amended section 2255 motion (Doc. No. 13), and a supporting memorandum of law (Doc. No. 17). The Government filed a response to the amended section 2255 motion (Doc. No. 24), and Petitioner filed replies to the response (Doc. Nos. 24 and 26).

Petitioner alleges five claims for relief in his amended motion: first, that he was denied the right to a direct appeal; second, that he received ineffective assistance of counsel; third, that the Court "allowed a plea of guilty without giving the true nature of the charges"; fourth, that neither the Government nor the Court had jurisdiction over this case; and fifth, that there was insufficient

evidence to support the convictions.

*Procedural History*

Petitioner and four other individuals were charged in a seven-count indictment with the commission of various crimes (Criminal Case No. 6:94-cr-166-Orl-19KRS, Doc. No. 39, filed December 1, 1994)[1]. Petitioner was charged in counts one through five and seven. Petitioner subsequently entered pleas of guilty to all six counts, and after a hearing on the matter, the Court accepted the pleas of guilty. The Court then adjudicated Petitioner guilty of one count of conspiracy to commit armed bank robbery (count one), four counts of armed robbery (counts two, three, four, and five), and one count of use of a firearm during and in relation to a crime of violence (count seven) (Criminal Case Doc. No. 127, filed May 23, 1995). The Court sentenced Petitioner to imprisonment for a term of 121 months as to counts one, two, three, four, and five, to be served concurrently, and for a term of 60 months as to count seven, with the sentence on count seven to run consecutively to the sentence on the other counts. Petitioner did not file a direct appeal.

Petitioner later filed a motion for reduction or modification of sentence (Criminal Case Doc. No. 140, filed October 11, 1996), which was denied. He next filed a motion to dismiss the indictment (Criminal Case Doc. No. 152, filed August 16, 2000), which was treated as a section 2255 motion. The section 2255 motion was later denied as untimely (Criminal Case Doc. No. 162, filed November 21, 2000). Petitioner appealed the denial; however, the appeal was dismissed for want of prosecution. *See* Criminal Case Doc. No. 169, filed January 23, 2001.

Petitioner then filed another section 2255 motion (Criminal Case Doc. No. 176, filed May

---

[1] Hereinafter Criminal Case No. 6:94-cr-166-Orl-19KRS will be referred to as "Criminal Case."

17, 2001), which was denied without prejudice on the basis that it was a second or successive application (Criminal Case Doc. No. 177, filed May 22, 2001).

Petitioner later filed a motion for a review of sentence (Criminal Case Doc. No. 185, filed July 23, 2001), which was construed as a section 2255 motion (Criminal Case Doc. No. 191, filed November 19, 2001).  The section 2255 motion was dismissed without prejudice because Petitioner failed to timely refile his section 2255 motion on the appropriate form (Criminal Case Doc. No. 192, filed December 4, 2001).

*The Instant Section 2255 Motion is Untimely*

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255.

As already noted, the judgment of conviction in this case was entered by the Court on May 23, 1995.  Because no appeal was filed, the judgment of conviction became final 10 days after the entry of judgment by the Court.  *See Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (holding that a conviction that is not appealed becomes final when the time allotted for filing an

appeal expires).  Thus, Petitioner's conviction became final on or about June 2, 1995.

The above-quoted portion of section 2255 went into effect on April 24, 1996.  Prisoners whose convictions became final prior to April 24, 1996, had until April 23, 1997, to file a section 2255 motion regarding such convictions, *see Goodman v. United States*, 151 F.3d 1335, 1337-38 (11th Cir. 1998).  Consequently, Petitioner had until April 23, 1997, to file a section 2255 motion in this case.  Because Petitioner's section 2255 motion was not filed by April 23, 1997, it is time-barred under section 2255 and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

*Petitioner's Claims Must Be Denied On The Merits*

Alternatively, the Court will address Petitioner's claims on the merits.

*1.     Claims One and Two*

In these claims, Petitioner contends that he received ineffective assistance of counsel because of the following: 1) counsel chose "not to discuss" with Petitioner viable issues to be raised on direct appeal (claim one); 2) counsel failed to investigate the FDIC status of the banks at the time of the robberies (claim two); and 3) counsel failed to conduct an adequate pretrial investigation (claim two); and 4) counsel failed to present a defense during the plea hearing and the sentencing hearing (claim two).

*a.     Legal Standard*

In *Hill v. Lockhart,* 474 U.S. 52, 58 (1985), the Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance

of counsel." The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense. *Id*. at 687. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id.* at 689-90.[2]

    b.    *Issue One*

According to Petitioner, counsel chose "not to discuss" with him viable issues to be raised on direct appeal. In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland* applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. As to the reasonableness of counsel's representation, the United States Supreme Court held as follows:

> [C]ounsel has a constitutionally-imposed *duty to consult* with the defendant about an appeal when there is reason to think either (1) that *a rational defendant would want to appeal* (for example, because there are nonfrivolous grounds for appeal), or (2) that *this particular defendant reasonably demonstrated to counsel that he was interested in appealing*.

*Id*. at 480 (emphasis added). "In making this determination, courts must take into account all the information counsel knew or should have known." *Id*. (citation omitted). A highly relevant factor

---

[2]In order to satisfy the prejudice requirement of the two-prong test forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

will be whether the conviction was the result of a guilty plea because a guilty plea reduces the scope of appealable issues and may indicate that the defendant seeks an end to judicial proceedings. *Id*. at 480. Even in cases when the defendant pleads guilty, the Court must consider whether the defendant received the sentence bargained for as part of the plea, and whether the plea expressly reserved or waived some or all appeal rights. *Id*. at 480.

As to prejudice, the United States Supreme Court held that "to show prejudice, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, *he would have timely appealed*." *Id*. at 484 (emphasis added). The "would have appealed" standard considers all of the circumstances, including whether there were nonfrivolous grounds for appeal and whether the defendant in question promptly expressed a desire to appeal. *Id*. at 485.

In the present case, the Court initially will determine if counsel's conduct was reasonable. First, it is undisputed that Petitioner pled guilty, which is a highly relevant factor. As the United States Supreme Court noted, this type of disposition reduces the potential for appealable issues and suggests that Petitioner wished to terminate judicial proceedings without pursuing further litigation.

Second, Petitioner received the sentence bargained-for in the plea colloquy. Specifically, at the plea hearing the Court informed Petitioner that the maximum sentence in this case was imprisonment for a term of 110 years. (Transcript of Plea Hearing at 61.) As a result of the pleas of guilty, Petitioner's guideline imprisonment range was calculated to be between 168 to 195 months. The Court sentenced Defendant to imprisonment for a term of 121 months as to counts one, two, three, four, and five, and for a term of 60 months as to count seven, with the sentence on count seven to run consecutively to the concurrent sentence on the other counts. It is clear that the

sentence imposed on Petitioner was expected, and the fact that Petitioner pled guilty and thereafter received the expected sentence weighs strongly against a finding that Petitioner wished to pursue an appeal. *Ryan v. United States*, 97 F. Supp.2d 190, 195 (D. Mass. 2000).

Third, at sentencing, the Court clearly and fully advised Petitioner of his appellate rights, including advising Petitioner that the notice of appeal had to be timely filed and that the failure to timely appeal would result in a waiver of his appellate rights. *See* Transcript of Sentencing 10. Further, Petitioner signed an Acknowledgment of Right to Appeal in which he indicated that he understood that he would waive his right to appeal in this case unless he filed a notice of appeal within ten days after entry of the judgment of conviction; that either he or his attorney could file the notice of appeal; and that he was entitled to be represented by counsel on appeal. *See* Criminal Case Doc. No. 124, filed May 22, 1995.

Finally, Petitioner has not identified any viable issues for direct appeal, and there does not appear to be a nonfrivolous issue for appeal. The lack of a nonfrivolous ground for appeal shows that a reasonable person would not have appealed. *Sarroca v. United States*, 250 F.3d 785, 788 (2nd Cir. 2001). Consequently, under the circumstances of this case, the Court determines that the actions of Petitioner's counsel were reasonable in this case.[3]

In addition, even if Petitioner was able to demonstrate ineffectiveness, he cannot satisfy the prejudice prong of *Strickland* because he cannot show that he otherwise would have appealed.

---

[3]In *Zapata v. United States*, No. 00-CV-6736(JG), 2001 WL 1078340 (E.D.N.Y. August 22, 2001), the District Court found that the petitioner's attorney did not have a duty to consult with the petitioner regarding his right to appeal and that counsel's conduct was reasonable based on the following: 1) it was undisputed that the petitioner pled guilty; 2) the sentence that the petitioner received was expected; 3) the petitioner was notified of his right to appeal; 4) the petitioner had no non-frivolous ground for appeal; and 5) the petitioner expressed no interest in appealing.

Petitioner has not shown actual prejudice because he has not demonstrated a reasonable probability that he would have pursued an appeal in the absence of counsel's alleged error. Petitioner has not identified any issue that would have supported a viable appeal in this case.

  *c.*  *Issue Two*

Petitioner mentions cursorily that counsel "failed to investigate the FDIC status of the banks at the time of the robberies." However, Petitioner simply has failed to allege or otherwise demonstrate how counsel was ineffective with regard to this matter.

Clearly, Petitioner's allegations with regard to this issue are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *affirmed without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). Petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988), *cert. denied*, 492 U.S. 908 (1989). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Petitioner's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728. Petitioner has failed to satisfy either prong of the *Strickland* test, and this issue must fail.[4]

---

[4] The Court also notes that, at the plea hearing, the prosecutor explained the elements of the robbery charges in counts two, three, four, five, and six: "[I]t must be shown that the Defendant took from the person or presence of the person described in the indictment money then in the possession of a *federally insured bank*, as charged." (Transcript of Plea Hearing at 44.) (Emphasis added). Petitioner indicted that he understood the charges and that he was "guilty of the charges." *Id*. at 50. Clearly, the plea hearing reflects that Petitioner acknowledged and admitted that he was guilty of the charges and that he failed to raise any objection to the prosecutor's summation of the charges, including the prosecutor's statement that each bank involved in the crimes was federally insured..

*d.     Issue Three*

Petitioner contends, without any specificity, that counsel failed to perform an adequate pretrial investigation.

Petitioner simply has not shown a) the exact manner in which counsel's investigation was inadequate, including any information that would have been obtained from further investigation, or b) whether such information, assuming its admissibility in court, would have produced a different result. *See United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987) (the focus of the *Strickland* inquiry must be on what information would have been obtained from such an investigation and whether the information would have produced a different result). The party must provide evidence, not mere conclusory allegations, that counsel overlooked exculpatory information that an investigation would have revealed. *Barkauskas v. Lane,* 946 F.2d 1292, 1295 (7th Cir. 1991). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Therefore, the Court determines that counsel's conduct was reasonable with regard to this issue and that Petitioner has not demonstrated prejudice.

*e.     Issue Four*

Petitioner argues that counsel failed to present a defense at the plea hearing or at sentencing. Again, Petitioner provides no other allegations or evidence to support his cursory claim. It is readily apparent that Petitioner's allegations with regard to this issue are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *affirmed without opinion*, 23

F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994).[5]

      2.      *Claims Three, Four, and Five*

"Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995); *see also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir.) ("In a section 2255 federal habeas motion, a movant may not raise claims that were not presented on direct appeal unless he can show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors."), *cert. denied*, 498 U.S. 849 (1990); *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989) ("In general, a defendant must assert an available challenge to a sentence on direct appeal or be barred from raising the challenge in a section 2255 proceeding."), *cert. denied*, 494 U.S. 1018 (1990). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." *Mills*, 36 F.3d at 1055; *see also Greene*, 880 F.2d at 1305 ("A defendant can avoid this procedural bar only by showing both cause for the failure to raise the claim on direct appeal and actual prejudice arising from that failure."). Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the

---

[5] To the extent that Petitioner argues that counsel was ineffective for failing to adequately inform Petitioner about the consequences of his pleas, *see* claim three, the Court finds that Petitioner's allegations fail to demonstrate that counsel was in any manner ineffective at the plea hearing. The record in this case reflects that Petitioner understood the charges against him, understood the consequences of his plea, and voluntarily chose to enter his pleas of guilty without being misled or otherwise misinformed.

absence of a showing of cause for the procedural default. *Mills*, 36 F.3d at 1055.

In the present case, Petitioner has not demonstrated cause or prejudice with regard to his failure to raise these claims on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, Petitioner's failure to raise these claims on direct appeal constitutes a waiver and bars him from raising these claims three, four, and five in the instant proceeding.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 13, filed November 12, 2004) filed by Luther Woods is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A certified copy of this Order and the judgment shall also be filed in criminal case number 6:94-cr-166-Orl-19KRS.

3. The Clerk of the Court is directed to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 219, filed

November 29, 2004) pending in case number 6:94-cr-166-Orl-19KRS.

      **DONE AND ORDERED** in Chambers at Orlando, Florida, this ___9th__ day of June, 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 6/9
Luther Woods
Counsel of Record